# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

———————————

Nº 07-CV-3737 (JFB)

———————————

HARRY HUNT,

Appellant,

VERSUS

ANDREW M. THALER,

Appellee.

———————————

MEMORANDUM AND ORDER
September 3, 2008

———————————

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from the voluntary bankruptcy proceeding of debtor Carrol A. Kohn ("debtor"), under Chapter 7 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (the "bankruptcy court"). In particular, appellant *pro se* Harry Hunt ("Hunt" or "appellant") appeals from an Order dated July 17, 2007 (the "July 17 Order") of the Honorable Joel B. Rosenthal. In the July 17 Order – which was issued in the context of an underlying adversary proceeding concerning an alleged fraudulent conveyance – the bankruptcy court granted summary judgment to appellee Andrew M. Thaler, the trustee of debtor's estate ("appellant" or "Thaler"), against Hunt. On July 30, 2007, Hunt filed a Notice of Appeal (the "Notice of Appeal") of the July 17 Order.

Thaler now moves to dismiss the instant appeal on the grounds that it is untimely pursuant to Rule 8002(c) of the Federal Rules of Bankruptcy Procedure. Appellant did not respond to that motion. For the reasons set forth below, the Court grants Thaler's motion to dismiss the appeal.

### I. FACTS

The facts set forth below are undisputed.

In the course of debtor's bankruptcy case, Thaler lodged an adversary proceeding against parties Raymond Hancock, Excelsior Service Corp., and Hunt regarding an alleged fraudulent conveyance. On July 17, 2007, the bankruptcy court granted summary judgment against Hunt and entered judgment accordingly. (*See* July 17 Order at 3-4.)

Hunt filed a Notice of Appeal of this Order on July 30, 2007.[1] Since filing the Notice of Appeal, Hunt has not communicated with the Court in any way.[2]

II. PROCEDURAL HISTORY

Hunt's appeal was filed in this Court on September 6, 2007. The appeal was reassigned from Honorable Arthur D. Spatt to the undersigned on September 11, 2007. Appellee submitted his motion to dismiss on September 20, 2007.

III. DISCUSSION

Rule 8002 of the Federal Rules of Bankruptcy Procedure, which pertains to "Time for Filing Notice of Appeal," states: The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." Fed. R. Bankr. P. 8002(a).[3] Construing this provision, the Second Circuit has held:

> We . . . follow our sister circuits in holding that the time limit contained in Rule 8002(a) is jurisdictional, and that, in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate excusable neglect.

*Siemon v. Emigrant Savings Bank*, 421 F.3d 167, 169 (2d Cir. 2005) (quotation marks omitted) (agreeing with district court's dismissal of *pro se* appellant's bankruptcy appeal on grounds that district court lacked jurisdiction to hear appeal because Notice of Appeal was untimely pursuant to Rule 8002(a)); *see also Delafield 246 Corp. v. City of New York*, No. 07-CV-6238, 2007 U.S. Dist. LEXIS 85356, at *3-*4 (S.D.N.Y. Nov. 13, 2007) (dismissing bankruptcy appeal on jurisdictional grounds where appellant filed untimely Notice of Appeal); *In re Norman Schapiro*, No. 06 Civ. 2685, 2006 U.S. Dist. LEXIS 56474, at *4 (S.D.N.Y. Aug. 15, 2006) (holding that *pro se* "Appellant's Notice of Appeal was not timely filed. Compliance with Rule 8002 is

---

[1] Hunt's Notice of Appeal states that he is appealing a prior Order of the bankruptcy court, dated June 29, 2007. This June 29, 2007 Order served to sever Hunt from the other defendants in the adversary proceeding. (*See* Order, dated June 29, 2007.) However, Hunt also appended the July 17 Order to the Notice of Appeal and, thus, in an abundance of caution, the Court treats July 17, 2007 as the dispositive date for the instant appeal.

[2] In fact, the Court notes that Hunt has failed to communicate with the Court whatsoever since filing his Notice of Appeal despite receiving (1) a Notice of Docketing of Bankruptcy Appeal from the bankruptcy court, dated August 1, 2007; (2) a Notice of Docketing of Bankruptcy Appeal from this Court, dated September 10, 2007; and (3) an additional letter from this Court dated September 11, 2007, all for the purpose of apprising Hunt of the statutory obligations and schedules to which he must adhere during the appeal process. For instance, Hunt failed to file a brief in support of his appeal, as required by Rule 8009 of the Federal Rules of Bankruptcy Procedure. He also failed to request any extensions of time to submit any of the required materials, including the brief.

[3] Pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure, weekends and holidays are included in the calculation of time under the Bankruptcy Code unless "the period of time prescribed or allowed is less than 8 days." Fed. R. Bankr. P. 9006(a).

2

mandatory and jurisdictional."). Here, fourteen days elapsed between the July 17 Order and the Notice of Appeal. The Notice of Appeal is, therefore, untimely and the Court lacks jurisdiction to consider it.[4]

IV. CONCLUSION

For the foregoing reasons, appellee's motion to dismiss this appeal is granted. The Clerk of the Court shall close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: September 3, 2008
Central Islip, NY

\* \* \*

Appellant is represented by Harry Hunt, 1 Garvies Point Road, Glen Cove, New York, 11542. Appellee is represented by Andrew M. Thaler, Thaler & Gertler, LLP, 900 Merchants Concourse, Suite 414, Westbury, New York, 11590.

---

[4] The Court is aware that Rule 8002 permits the extension of time for appeal under certain circumstances – namely, "a request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect. An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later." Fed. R. Bankr. P. 8002(c). Here, Hunt failed to file any request for an extension to submit his Notice of Appeal, timely or otherwise. Moreover, given that Hunt has failed to communicate with the Court whatsoever, the Court lacks any basis to determine that plaintiff could demonstrate excusable neglect. Under these circumstances, Rule 8002(c) does not apply to the instant appeal. *See In re Norman Schapiro*, 2006 U.S. Dist. LEXIS 56474, at \*3-\*4 (dismissing appeal as untimely where "[a]ppellant made no motion for an extension of time, nor has he given any indication that he would have been able to establish excusable neglect had such a motion been made").